Neibsoe", Ch. J.
At the close of the case at the trial three exceptions were taken on behalf of the defendants.
First. The defendant’s counsel requested the court to charge, that the payment of the sum for which the action was brought, to the plaintiff’s wife, was a valid payment to him. We think that was properly refused. There was no evidence tending to show that the plaintiff’s wife was his agent in the matter of drawing the money, or had authority to thus act for him; such authority could not arise or be inferred from the mere marital relation.
Secondly. The learned judge stated to the jury that the only question for them was, whether the defendants had used “their best efforts” to secure the payment to the proper personthat if they did so they should be credited with the amount. That if they did not thus use “ their best efforts,” the jury should find for the plaintiff. As this direction was in the very terms of a portion of the by-law framed for the protection of the bank, and as notice to the customer, the force of the objection is not apparent. If the learned counsel thought that some reference should have been made in that connection to the residue of the by-law, a request to that effect might have been made. But under the last clause of the by-law the defendant would not have been discharged by a payment to the holder of the book, if negligently made. It must have been made in good faith, the best efforts used to prevent fraud. That clause applies to an instance where the customer may be falsely personated by another ; a payment to the holder of the book under the belief that he was in fact the owner of the money. In this case it was known that the person producing the book was not the depositor, and an order from him was required ; the error was in treating the written order produced as if it were genuine.
*346 Thirdly. The court declined to charge that if the defendant exercised ordinary care and diligence to ascertain that the order was signed by the plaintiff, and paid the same in good faith, said payment should be credited. That the payment should have been made in good faith, appears to have been assumed on the trial. If by the term “ ordinary care and diligence ” was intended more or less than the use of their best efforts, it was properly rejected. In either view, a charge in conformity with that request would have been a modification of or departure from the contract. The learned judge may have thought that it was not well to burden the minds of the jury with technical distinctions between the different degrees of care or of negligence. The jury might have been misled by the use of qualifying words, and it was prudent to refrain from testing their intelligence in that manner, as the parties had fixed upon a term well adapted to the common apprehension; it would have been speculative and adventurous to have substituted another term, even though it might be one in legal use. If the instructions requested had been given, the jury would have regarded the ordinary care and diligence suggested as merely equivalent to the defendant’s best efforts.
It would seem, therefore, that no prejudice was sufferred from the refusal to charge as requested. The mere fact that plaintiff did not sign the order on which the money was drawn, was not determinate, nor was it so regarded on the trial. The question remained, whether the signature to the order was in appearance and character so like that of the plaintiff’s that by the use of the best efforts that could reasonably have been made—a term implying care, skill,- and good faith,— the difference could not have been detected. We are quite sensible that each of the numerous customers of the bank may not write a uniform hand, and that, by a skillful imitation of the signature of a depositor, *347 especially where that signature is not very characteristic, the teller or cashier may be misled. Could we perceive in this instance any fraud, management or indirection on the part of this plaintiff, we should seek to avoid the verdict. But the testimony was properly given to the jury, and on the question of fact we can not say that they have erred.
We may well regret that institutions so useful to frugal persons of moderate means, should be liable to such losses. But cases of the kind have arisen, and under the present practice will arise.
The cashier of the bank, however expert, may not always be able to detect a spurious signature. A further precaution might be adopted. The bank could refuse to pay money on any written order or transfer not duly proved or acknowledged before a notary. If mistakes should occur, even after that precaution, the bank would have little reason to apprehend an adverse verdict from a jury.
The judgment and order appealed from, should be affirmed with costs.